# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

MAURICE HAMMOND,
            Plaintiff,

  vs.                                      CA 13-658-ML

BRIAN MURPHY, et al.,
            Defendants.

## ORDER

Plaintiff Maurice Hammond, *pro se*, an inmate at the Donald W. Wyatt Correctional Facility (the "Wyatt"), Central Falls, Rhode Island, has filed a Complaint (Doc. #1) and an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application"). The Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1916A.

## DISCUSSION

I.    Screening

> In connection with proceedings *in forma pauperis*, Section 1915(e)(2), 28 U.S.C., directs the Court to dismiss a case at any time if the Court determines that the action is, *inter alia*, frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, Section 1915A, 28 U.S.C., directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *1 (D.R.I. Dec. 9, 2011). The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same as the legal standard used for ruling on a 12(b)(6) motion. Id. at *2. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.

"In making this determination, the Court must accept plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions, unverifiable conclusions or irrational factual allegations." Chase, 2011 WL 6826504, at *2 (citing Iqbal, 556 U.S. at 678). Moreover, the Court must review pleadings of a *pro se* plaintiff liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

II. Complaint

The Court has read Plaintiff's Complaint. Having done so, the Court finds it difficult to ascertain the nature of Plaintiff's claim(s). Specifically, it is unclear whether Plaintiff is alleging negligence or some other type of claim. In his Civil Cover Sheet, Plaintiff lists 42 U.S.C. § 1983 as the basis for this Court's jurisdiction, but nowhere in the Complaint does Plaintiff reference § 1983 or any constitutional or statutory right which he alleges has been violated.

Accordingly, Plaintiff is directed to file an amended complaint which: (1) is more specific regarding the nature of his claim(s); and (2) describes the basis for this Court's jurisdiction. Plaintiff shall file his amended complaint on or before May 14, 2014.

III. Application

As for Plaintiff's Application to proceed *in forma pauperis*, while he appears to be indigent and has submitted the affidavit required by 28 U.S.C. § 1915(a)(1), he has not provided a certified copy of his inmate trust fund account statement, or institutional equivalent,[1] as directed by § 1915(a)(2). Therefore, Plaintiff is ordered to file a certified copy of his resident funds statement, certified by an appropriate official at the Wyatt. Plaintiff shall file his certified copy on or before

---

[1] Plaintiff has included with his Application a computer printout of his resident funds statement, but it has not been certified by an appropriate official at the Wyatt. See 28 U.S.C. § 1915(a)(2).

May 14, 2014.

## CONCLUSION

Plaintiff is ordered to file an amended complaint, which addresses the issues identified above, on or before May 14, 2014. The Court will then re-screen the amended complaint.

In addition, Plaintiff is ordered to file a certified copy of his resident funds statement on or before May 14, 2014. The Court will then rule on his Application to proceed *in forma pauperis*.


SO ORDERED:


/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge

DATE: April 16, 2014